# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF VIRGINIA
# Alexandria Division

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| v. ) | |
| ) | Criminal No. 1:17-CR-210 |
| BRANDON LOCKE, ) | |
| Defendant. ) | |

## MEMORANDUM OPINION

A superseding indictment issued on November 7, 2017 charges defendant Brandon Locke with two crimes: (i) possession of a firearm as an individual convicted of a misdemeanor crime of domestic violence in violation of 18 U.S.C. § 922(g)(9), and (ii) possession with intent to distribute marijuana in violation of 21 U.S.C. § 841(a)(1). Defendant now seeks dismissal of count I on the ground that there are no qualifying predicate misdemeanor crimes of domestic violence ("MCDVs") as required by § 922(g)(9). The government disagrees and the matter has now been fully briefed and argued and is ripe for disposition.

## I.

Count I of the superseding indictment charges defendant with possession of a firearm by a prohibited person in violation of 18 U.S.C. § 922(g)(9). Specifically, the superseding indictment alleges that defendant possessed a firearm on or about August 17, 2017 in Stafford County Virginia, despite having been convicted of two previous MCDVs. The first MCDV conviction identified in the superseding indictment, referred to in Georgia as "family violence battery," Ga. Code § 16-5-23.1(a), (f)(1), was entered against defendant in the State Court of Muscogee County, Georgia on August 9, 2011 (the Georgia conviction). The second MCDV conviction occurred on January 18, 2017 in Juvenile and Domestic Relations (JDR) District

1

Court in Stafford County, Virginia.[1]  The Virginia MCDV conviction was for assault and battery against a family or household member in violation of Va. Code § 18.2-57.2 (the Virginia conviction).

Defendant seeks dismissal of count I of the superseding indictment, arguing that neither of the state MCDV convictions alleged in the superseding indictment are valid predicates for a § 922(g)(9) conviction.  Defendant's arguments with respect to each conviction are considered separately below.

**A.**

Defendant argues that the Virginia conviction for assault and battery of a family member cannot qualify as a predicate misdemeanor crime of domestic violence for purposes of § 922(g)(9) because the defendant did not knowingly and intelligently waive his right to a jury trial in JDR Stafford County district court.  In support of his argument, defendant relies on § 921(a)(33)(B)(i)(II)(aa)-(bb) which provides in relevant part that a person shall not be considered to have been convicted of an MCDV unless:

> in the case of a prosecution for an offense described in this paragraph for which a person was entitled to a jury trial in the jurisdiction in which the case was tried, either the case was tried by a jury, or the person knowingly and intelligently waived the right to have the case tried by a jury, by guilty plea or otherwise.

Thus, defendant's reliance on this provision raises two questions.  First, was the defendant "entitled to a jury trial in the jurisdiction in which" his MCDV case was tried?  Second, if the defendant was entitled to a jury trial in the jurisdiction in which" his MCDV case was tried, did defendant "knowingly and intelligently" waive that right?

---

[1] The government's initial indictment listed only the Georgia conviction as a predicate MCDV offense for liability under 18 U.S.C. § 922(g)(9).  Defendant filed a motion to dismiss the indictment on the ground that the Georgia conviction was an invalid predicate.  On November 11, 2017, the government filed a superseding indictment charging the defendant with: (i) violation of § 922(g)(9), this time alleging the Georgia conviction and a Virginia conviction as predicate MCDVs, and (ii) possession of marijuana with intent to distribute in violation of 21 U.S.C. § 841(a)(1).

2

Defendant's argument that his Virginia conviction is an invalid predicate fails with respect to the first question, namely whether defendant had a right to a jury trial in the Stafford County JDR court. This question of course is governed by Virginia law. Under Virginia law, a defendant tried in JDR court has no right to a jury trial; a defendant is entitled to a jury trial for his Virginia MCDV case only if he pleads not guilty, is convicted, and appeals his conviction to the circuit court. *See* Va. Sup. Ct. R. 3A:13(a) ("The accused is entitled to a trial by jury only in a circuit court on a plea of not guilty."). Thus, based on a plain reading of § 921(a)(33)(B)(i)(II)(aa)-(bb), defendant simply did not have right to a jury trial in his Virginia MCDV case tried in J&DR court. At best, defendant, had he pled not guilty and been convicted, had an appellate right to be retried with a jury in the Stafford County Circuit Court, but nothing in § 921(a)(33)(B)(i)(II)(aa)-(bb) suggests that an appellate right qualifies as an entitlement "to a jury trial in the jurisdiction in which the case was tried." And although defendant could have pled not guilty and appealed a conviction to the circuit court and had a trial by jury, defendant did not do so here. Therefore, defendant was never entitled to a jury trial right under Virginia law, and thus § 921(a)(33)(B)(i)(II)(aa)-(bb) is not triggered and thus his Virginia MCDV conviction is a valid predicate for a § 922(g)(9) conviction.

This reading of the § 921(a)(33)(B)(i)(II)(aa)-(bb) finds firm support in unpublished Fourth Circuit opinions.[2] For example, in *United States v. Artis*, 132 Fed. App'x 483 (4th Cir. 2005), the defendant in that case mounted a challenge to the validity of his predicate Virginia MCDV conviction that was essentially identical to the defendant's argument in this case. Specifically, defendant in Artis argued he had a jury trial right because he could appeal the J&DR determination of guilt and receive a jury trial. The Fourth Circuit rejected this argument,

---

[2] It is unclear why the Fourth Circuit elected not to publish these opinions, but what is clear is that they not only said it, but two separate panels said it and ignoring that would be foolish absent a strong reason to do so.

holding that the defendant there was "not entitled to a jury trial as a matter of law" because the defendant "did not have a right to a jury trial in J & DR court, and [] he did not invoke his right to a jury trial" in the Circuit Court because he filed no appeal. *Id.* at 483. In other words, a defendant does not have a jury trial right in MCDV cases in the jurisdiction of Virginia absent a conviction and an appeal. Thus, the defendant's conviction served as a valid predicate offense for a § 922(g)(9) conviction. *See also United States v. Gordon*, 64 Fed. App'x 274, 277 (4th Cir. 2008) (reaching the same conclusion).

For the foregoing reasons, the defendant's Virginia MCDV conviction is a valid predicate offense for purposes of § 922(g)(9). This result, by itself, warrants denial of the motion to dismiss count I, but it is appropriate to proceed to consider whether the second predicate MCDV conviction also qualifies as a valid predicate for a conviction under § 922(g)(9).

**B.**

Defendant argues that his Georgia conviction is an invalid predicate for a § 922(g)(9) charge for two reasons. First, defendant argues that the state court's order exonerating defendant and removing his criminal record on September 27, 2017 means that the defendant is no longer a person convicted of a MCDV under 18 U.S.C. § 921(a)(33)(B). As a result, the defendant argues that the government cannot meet its burden of showing that defendant is a person prohibited from possessing a firearm. Second, defendant argues that even if his Georgia conviction were still in place it would still be an invalid predicate for the § 922(g)(9) charge in the indictment because the defendant did not knowingly and intelligently waive his right to a jury trial in the Georgia proceeding as required by 18 U.S.C. § 921(a)(33)(B)(I). Neither of defendant's arguments is ultimately persuasive.

4

**1.**

Although 18 U.S.C. § 922(g)(9) provides that it shall be unlawful for a person who has been convicted in any court of an MCDV to possess a firearm, there is a safety valve in the statute designed to allow individuals whose convictions have been expunged or set aside to possess firearms. Specifically, § 921(a)(33)(B)(ii) states that a person "shall not be considered to have been convicted of a [MCDV] for purposes of this chapter if the conviction has been expunged or set aside. . . ." Defendant's argument is that he cannot be considered convicted of an MCDV because his Georgia conviction has been "expunged" by the state court. Central to defendant's argument is a construction of § 921(a)(33)(B)(ii) that suggests that because the conviction has been expunged, the government cannot meet its burden to show defendant was convicted of a MCDV. The government disagrees arguing that defendant misreads the effect of § 921(a)(33)(B)(ii).

The plain language of § 921(a)(33)(B)(ii) makes clear that a conviction that has been "expunged or set aside" cannot be disabling, and an individual who has had his or her MCDV conviction "expunged or set aside" can again possess a firearm without running afoul of § 922(g)(9). Importantly, however, the language of § 921(a)(33)(B)(ii) does not provide that the MCDV conviction was not disabling between the time the conviction issued and the time it was set aside. Thus, the expungement provision allows an individual whose conviction has been set aside to possess firearms, but the provision only removes the disability once the individual has had the conviction expunged. In other words, an individual convicted of an MCDV violates § 922(g)(9) if he or she possessed a firearm at any time when the MCDV conviction was in effect. A later invalidation or expungement of the state court predicate MCDV conviction does not operate retroactively to remove the disability at the time the person possessed the firearm.

5

Thus, a defendant is guilty under § 922(g)(9) provided he possessed a firearm while the conviction was still valid; a person convicted of an MCDV may possess a firearm only *after* the MCDV conviction has been expunged.

This result finds firm support in the Supreme Court's instructive decision in *Lewis v. United States*, 445 U.S. 55 (1980). In *Lewis*, a defendant challenged his felon-in-possession conviction by arguing that his predicate state conviction was invalid because it was obtained in violation of the defendant's right to counsel. *Id.* at 56. The Supreme Court rejected this argument, stating that "a felony conviction imposes a firearm disability until the conviction is vacated or the felon is relieved of his disability by some affirmative action." *Id.* at 60-61. In support of this conclusion, the Supreme Court cited both the plain meaning of the statute and the legislative history, which included "nothing to suggest that Congress was willing to allow a defendant to question the validity of his prior conviction as a defense to a charge under [18 U.S.C.] § 1202(a)(1)." The Supreme Court, pointing to the fact that a felon has an available remedy in state court to remove his or her disability noted a defendant "before obtaining his firearm, could have challenged his prior conviction in an appropriate proceeding in the . . . state courts." *Id.* at 64. Thus, the availability of the state remedy suggests that Congress clearly intended that the defendant "clear his status before obtaining a firearm, thereby fulfilling Congress's purpose [] to keep firearms away from the persons Congress classified as potentially irresponsible and dangerous.'" *Id.* at 64 (citation omitted).

Although *Lewis* involved the interpretation of § 1202, the Supreme Court in *Lewis* noted that there is "little difference between Title IV [encompassing § 922(g)] and Title VII [encompassing § 1202]." *Id.* at 64. Understandably, therefore, other courts, including the Fourth Circuit in *United States v. Kahoe*, 134 F.3d 1230 (4th Cir. 1998), have applied the logic of *Lewis*

6

to convictions pursuant to the analogous felon-in-possession provision § 922(g)(1).[3] In *Kahoe*, the Fourth Circuit held that "the fact that [a defendant's] conviction was vacated after he possessed the firearm and ammunition is irrelevant" to § 922(g) liability. *Id.* at 1235. The defendant in *Kahoe* argued that the expungement of his state court felony conviction meant that his conviction was not a valid predicate for liability under § 922(g)(1). The Fourth Circuit rejected this argument, holding that "[t]he plain language of § 921(a)(20) means that a conviction that has been set aside can no longer be disabling[,]" but as the Fourth Circuit also noted that section "does not provide that such a conviction was not disabling between the time it was obtained and the time it was set aside." *Id.* at 1233. Because the defendant's "conviction was a disabling predicate offense when he possessed the firearm and ammunition," his federal conviction remained valid. *Id.* at 1235.

Defendant argues that a different conclusion is necessary here because the expungement provision applicable to § 922(g)(1) (applying to felon-in-possession charges) differs from the expungement provision in § 922(g)(9) (applying to possession by persons convicted of MCDVs). This argument fails inasmuch as the two provisions, are essentially identical and defendant does not explain how any minor differences change the analysis. Section 921(a)(20) provides that "[a]ny conviction which has been expunged, or set aside or for which a person has been pardoned or has had civil rights restored shall not be considered a conviction for purposes of this chapter[,]" and § 921(a)(33) provides that "[a] person shall not be considered to have been convicted of such an offense for purposes of this chapter if the conviction has been expunged or set aside, or is an offense for which the person has been pardoned or has had civil rights restored[.]" The defendant does not explain how "shall not be considered to have been

---

[3] *See also United States v. Padilla*, 387 F.3d 1087, 1091 (9th Cir. 2004) (holding that "[t]here is no difference in substance between the language quoted in *Lewis* and that of § 922(g)(1).")

7

convicted" meaningfully differs from "[a]ny conviction which has been expunged . . . shall not be considered a conviction[.]" Although it is typically appropriate to give effect to significant differences in statutory language, here the differences are not significant and to accept defendant's argument would be at odds with the plain meaning of both provisions.

Significantly, courts that have addressed § 921(a)(33) have all construed it in line with *Lewis* and the interpretation courts have given to § 921(a)(20). The Ninth Circuit in an unpublished opinion affirmed a § 922(g)(9) conviction because the defendant's MCDV conviction was not overturned until after the defendant was arrested and charged with a violation of § 922(g)(9). *United States v. Epps*, 240 F. App'x 247, 248 (9th Cir. 2007). The Ninth Circuit held in *Epps* that *Lewis* barred a claim by the defendant that "dismissal of his state court conviction precludes prosecution under § 922(g)(9)" because the defendant's conviction "was not set aside until *after* he was arrested for possessing a firearm in violation of § 922(g)(9)." *Id*. Other courts to address § 921(a)(20) have reached similar conclusions. *See, e.g.*, *United States v. Castleman*, No. 08-cr-20420, 2010 WL 711179, at *5 (W.D. Tenn. Feb. 22, 2010) ("a setting aside of the predicate offense after the date of the defendant's illegal possession of a firearm is irrelevant to a § 922(g) prosecution initiated before the conviction was set aside.").[4]

Seeking to avoid this reading of § 921(a)(33), defendant argues that Congress knew of *Lewis* when it enacted § 921(a)(33), and accordingly Congress's failure to include language limiting the timing and application of the exception suggests that § 921(a)(33) should be read to eliminate any reference to a defendant's conviction in a prosecution under § 922(g)(9). This argument fails to persuade as it is based on an extravagant inference that is neither necessary nor

---

[4] *See also United States v. Muir*, No. 1:03-cr-162, 2006 WL 288419, at *1-2 (D. Utah Feb. 6, 2006) (denying a motion to dismiss § 922(g)(9) charge because the defendant's MCDV conviction was not expunged until after he was charged with firearm possession); *United States v. Oliver*, No. 4:07-cr-27, 2008 WL 5484116 (S.D. Miss. Dec. 18, 2008) (same).

invited. Section 922(g)(1), the analogous felon-in-possession provision, also lacks limitations on timing, and as explained above courts have uniformly read the lack of a timing limitation in the expungement provision to require that a defendant expunge his conviction before he can lawfully possess a firearm. The fact that Congress was aware of the *Lewis* decision suggests that Congress knew that when it wrote § 921(a)(33) it understood that courts would construe the provision to require a defendant expunge his MCDV conviction before he possesses a firearm. In sum, defendant's argument is without support in reason or logic.

Defendant also seeks refuge in the rule of lenity, arguing that if the language of § 921(a)(33) is ambiguous as to the timing of expungement it must be read in favor of the defendant. Unfortunately for defendant, the rule of lenity has no application here because there is no "grievous ambiguity or uncertainty" as to how the statute operates. *See Kahoe*, 134 F.3d at 1234-35 (rejecting a rule of lenity argument in favor of a similar reading of § 921(a)(20)).

Moreover, it is clear that defendant's reading of the statute contravenes the policy decision by Congress to limit access to firearms for persons convicted of MCDVs. Congress wanted to allow defendants whose civil rights had been restored to possess firearms, but nothing suggests that Congress intended individuals still operating under a firearms restriction, who were still validly convicted of an MCDV, to possess firearms on the assumption that their state convictions would eventually be expunged or overturned. It is certainly not too much for Congress to require that an individual convicted of an MCDV "clear his status *before* obtaining a firearm, thereby fulfilling Congress' purpose "broadly to keep firearms away from persons Congress classified as potentially irresponsible or dangerous." *Lewis*, 445 U.S. at 64-65 (citations omitted). Furthermore, defendant's reading of the statute would result in a waste of

resources, as a defendant could wait to challenge his state court conviction until significant preparation for trial has already taken place.

Finally, a reading that makes criminal possession by a defendant while that defendant is still under a statutory disability comports with our usual understanding of criminal charges. Defendant was convicted of a state MCDV when he was allegedly found in possession of a firearm. At that time he was a person convicted of an MCDV in possession of a firearm. The superseding indictment charges him with the crime of possession of a firearm at the time he operated under a disability. The subsequent disappearance of the disability does not change the simple fact that the defendant possessed a firearm while under a statutory disability. As such, the defendant's Georgia conviction is a valid predicate for a § 922(g)(9) charge and his motion to dismiss on this ground must be denied.

**2.**

Defendant also challenges his MCDV conviction on the ground that he did not waive his jury trial right. In Georgia, a defendant accused of a MCDV is entitled to a jury trial. *See* §§ 15-7-1, 15-7-4, 15-12-125 O.C.G.A.; *see also Balbosa v. State*, 275 Ga. 574 (Ga. 2002). Thus, the Georgia conviction is "an offense . . . for which [the defendant] was entitled to a jury trial" within the meaning of § 921(a)(33)(B)(i)(II)(aa)-(bb), and so the case must either have been tried before a jury or the defendant must have "knowingly and intelligently" waived his jury trial right "by guilty plea or otherwise" for the Georgia conviction to serve as a valid predicate for the § 929(g)(9) charge in the superseding indictment.

The government argues that the defendant's guilty plea in his Georgia MCDV case constitutes a knowing and intelligent waiver of the jury trial right. In support of this contention, the government points to two primary sources. First, the government points to the language of

§ 921(a)(33)(B)(i)(II)(aa)-(bb) which provides that the jury trial right can be waived "by guilty plea." According to the government, this language supports their contention that a voluntary guilty plea alone is sufficient to waive the jury trial right. Second, the government buttresses its statutory argument by citing a number of Supreme Court and Fourth Circuit cases holding that a knowing and voluntary guilty plea includes an implicit waiver of the right to a jury trial. *See Boykin v. Alabama*, 395 U.S. 238, 243 n. 5 (1969) ("[a] defendant who enters a plea simultaneously waives several constitutional rights, including . . . his right to trial by jury.") (citation omitted).[5] Here, defendant argues that a plea cannot constitute a valid waiver of the jury trial right within the meaning of § 921(a)(33)(B)(i)(II) unless the defendant is told *explicitly* during the plea colloquy or at some other proceeding that the plea constitutes a waiver of the jury trial right. *See* Fed. R. Crim. P. 11.

Defendant cites no authority for the proposition that a plea of guilty does not constitute a valid waiver of the jury trial right. As the government correctly points out, § 921(a)(33)(B)(i)(II)(aa)-(bb) explicitly provides for waiver by guilty plea, and so long as the plea was voluntary and knowing there is no sound reason to suggest the defendant did not waive his jury trial right.[6] Moreover, nothing in § 921(a)(33)(B)(i)(II)(aa)-(bb) suggests that there is any requirement that the state court convicting a defendant on the basis of a guilty plea engage in any particular process in order to accept the guilty plea. And Congress's decision not to require

---

[5] *See also United States v. Ruiz*, 241 F.3d 1157, 1163 (9th Cir. 2001) ("Some constitutional rights are automatically waived by entering an unconditional guilty plea. Such rights include, among others, the right to a jury trial"); *Washington v. Sobina*, 475 F.3d 162, 165 (3d Cir. 2007) ("It is well established that a criminal defendant's unconditional, knowing and voluntary plea of guilty waives all non-jurisdictional issues. . . . This includes many of the most fundamental protections afforded by the Constitution, such as the right to a jury trial . . . .") (citations omitted).

[6] The government points out, and the defendant does not contest, that the defendant's guilty plea in Georgia state court was knowingly and voluntarily entered, and as the Supreme Court has held "[w]hen a criminal defendant has solemnly admitted in open court that he is in fact guilty of the offense with which he is charged, he may not thereafter raise independent claims relating to the deprivation of constitutional rights that occurred prior to the entry of the guilty plea." *Tollett v. Henderson*, 411 U.S. 258, 267 (1973).

11

state courts to meet particular requirements when accepting guilty pleas is consistent with Congress's practice of not interfering with the administration of state courts. Thus, the statutory text and case law both suggest that a defendant waives his jury trial right by the simple act of entering his guilty plea. So long as that plea is knowing and voluntary, there is no argument that the defendant did not knowingly and voluntarily waive his jury trial right by pleading guilty.

Thus, defendant in this case waived his jury trial right in his Georgia MCDV case by pleading guilty knowingly and voluntarily. Defendant does not contest that he entered his plea voluntarily;[7] he simply suggests that a plea alone is insufficient to waive the jury trial right. Defendant's argument that the plea colloquy in state court was insufficient would impose a requirement that state courts question defendants about whether they waive their jury trial rights, a pleading requirement that many states have not adopted and that the Constitution does not require. *See, e.g.*, *United States v. Martin*, 704 F.3d 267, 274 (6th Cir. 1983) ("There is no constitutional requirement that a court conduct an on the record colloquy with the defendant prior to the jury trial waiver.").[8]

---

[7] It is worth noting that the defendant's right to a *trial* was discussed at his initial appearance. Records from the defendant's initial appearance show that he originally intended to proceed with a bench trial. *See* Gov't Ex. 1. Furthermore, even though the defendant was not explicitly informed of a jury trial right, at his plea hearing the defendant was present while the judge discussed with a number of other defendants the fact that pleading guilty would waive the jury trial right. *See* Gov't Ex. 2. Finally, the judge also informed the defendant of the fact that he would lose his right to possess a firearm by pleading guilty and the defendant indicated that he understood that consequence. Thus, even though the defendant does not contest the voluntary and knowing nature of his plea, the full record of the defendant's state court proceedings suggest he understood that he was giving up his right to a trial and understood that his guilty plea would also have collateral consequences such as barring his possession of a firearm.

[8] To be sure, Rule 11 of the Federal Rules of Criminal Procedure requires to "address the defendant personally in open court" and "inform the defendant of, and determine that the defendant understands" the jury trial right among others. However, even in the federal system, variance from the requirements of Rule 11 does not automatically invalidate a guilty plea. See Fed. R. Crim. P. 11(h) (recognizing applicability of "harmless error"). *See also Sowell v. Bradshaw*, 372 F.3d 821, 832, 834 (6th Cir. 2004) (same); *United States v. Leja*, 448 F.3d 86, 93 (1st Cir. 2006) ("In circuits that have suggested that district courts conduct colloquies as a matter of prudence, the absence of colloquy by itself does not require reversal where the evidence establishes that the defendant's waiver was knowingly and intelligently made."); *United States v. Bourque*, 933 F.2d 1016, 1991 WL 86895, at *1 (9th Cir. 1991) (unpublished) ("Boykin does not require specific articulation of the right to trial by a jury . . . .").

Section 921(a)(33)(B)(i)(II) provides that a guilty plea alone is sufficient to waive a jury trial right in state court, and as such the defendant's guilty plea to a MCDV was sufficient to waive his jury trial right. Accordingly, defendant's Georgia conviction qualifies as a valid predicate offense for his indictment under § 922(g)(9).

For all the foregoing reasons, the defendant's motion to dismiss Count 1 of the indictment must be denied.

An appropriate Order will issue.

Alexandria, Virginia
February 8, 2018

/s/
T. S. Ellis, III
United States District Judge